KENJI M. PRICE
United States Attorney

MARC A. WALLENSTEIN #10456
Assistant United States Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850
Telephone:  (808) 541-2850
Facsimile:   (808) 541-2958
E-mail: Marc.Wallenstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>GARRETT OKUBO,<br><br>  Defendant. | CR. NO. 17-00572 JMS<br><br>GOVERNMENT OPPOSITION TO DEFENDANT GARRETT OKUBO'S MOTION TO CONTINUE SENTENCING AND FORFEITURE HEARING<br><br>Date: April 4, 2019<br>Time: 9:00 A.M.<br>Judge: Hon. J. Michael Seabright |

GOVERNMENT OPPOSITION TO DEFENDANT GARRETT OKUBO'S
MOTION TO CONTINUE SENTENCING AND FORFEITURE HEARING

The government respectfully opposes the defense Motion for a Continuance of Sentencing and Forfeiture hearing, because it is premature.

The defense has informed the government that it intends to respond to the government's Motion for Entry of a Forfeiture Money Judgment soon—and possibly as soon as the end of this week.  The defense recently provided the government with an expert report that it intends to attach to its response.  The government is in the process of identifying an expert of its own to respond the defense expert, and expects to have a responsive report ready by early next week.  The government is optimistic that both parties will be able to file their respective expert reports and pleadings far enough in advance of the April 4 sentencing to give the Court sufficient time to review the reports and apprise itself of the relevant issues.

The legal issues presented by the dueling expert reports will be essentially the same as the legal issues raised in the parties respective Sentencing Statements, which have already been extensively briefed.  If the Court reaches a decision on the issues raised in the Sentencing Statements, the forfeiture amount will flow logically from that decision.  The parties have agreed that Okubo will forfeit the funds that he was actually paid for the submission of false claims.  *See* Plea Agreement ¶ 13.  The parties dispute what "counts" as a false claim.  If the Court

adopts the government view, the forfeiture amount will be the funds that Okubo was paid for both the "travel" claims and the "unlicensed staff" claims. If the Court adopts the defense view, the forfeiture amount will be the funds that Okubo was paid only for the "travel" claims, not the "unlicensed staff" claims.

Hence, the Court can wait to decide whether to continue the April 4 sentencing until Thursday, March 28, which is one week before the sentencing. If the parties have fully briefed the issues and filed their respective expert reports by that time, no continuance will be necessary, unless the Court wishes to have additional time to digest the materials. If the parties are unable to file in that time, then the government would not oppose a continuance. This approach appears to the government to maximize judicial economy. Of course, if the Court prefers to have more than one week in advance of the sentencing to review the expert reports, then a continuance would be appropriate. But the government does not anticipate that the issues will be particularly complex, and sees no need for a continuance at this time.

The government acknowledges that it did not file its Motion regarding forfeiture until recently, and apologizes to the Court for that omission. But the defense has been aware of the government's position on forfeiture since before Mr. Okubo pled guilty in April 2018, and has been discussing the possibility of

identifying an expert since that time. The defense only recently identified an expert. The defense then reached out to the government and asked the government to formally seek forfeiture. Until that recent discussion, the government was under the impression that the parties intended to litigate the loss amount issue first, and then once that issue was resolved, the parties would agree to the corresponding forfeiture amount that flowed logically from the Court's findings on the loss amount. This understanding is supported by the Plea Agreement. In the Plea Agreement, Okubo agreed that "defendant will consent to the entry of a forfeiture money judgment in the amount the Court determines represents the property, real or personal, that constitutes or is derived from proceeds traceable to the violations of 18 U.S.C. § 1347 to which defendant is pleading guilty (the 'Forfeiture Money Judgment')." Plea Agreement ¶ 13.

In any case, the government has no issue with the defense now deciding to litigate the forfeiture issue before the loss amount issue, and wants the defense to have the time it needs to file whatever position it wishes to take. But the defense has had a long time to identify an expert, and the government is of the view that everything that needs to be done can be accomplished in advance of the April 4 sentencing date.

The parties are attempting to reach agreement that live expert testimony is not necessary in this case, and that the written expert reports will be sufficient. If the parties reach that agreement, then there will be no need to accommodate expert witness travel, and no need to continue the April 4 forfeiture hearing and sentencing.

In any event, even if the Court grants the defense request for a short continuance of sentencing, the forfeiture hearing can still take place (or at least begin to take place) on April 4.

The government is normally accommodating to defense requests for continuances, but respectfully suggests that the parties may benefit from keeping the April 4 court date, even if follow-on proceedings end up being necessary. Approached in that way, keeping the April 4 hearing date on the calendar for now will keep the case moving forward.

DATED:  March 4, 2017, at Honolulu, Hawaii.

        Respectfully submitted,

        KENJI M. PRICE
        United States Attorney
        District of Hawaii

        By /s/ Marc A. Wallenstein
          MARC A. WALLENSTEIN
          Assistant U.S. Attorney
          Attorneys for Plaintiff